INSTITUTE FOR FREE SPEECH
Alan Gura (SBN 178,221)
   agura@ifs.org
1150 Connecticut Avenue, N.W.,
Suite 801
Washington, DC 20036
Phone: 202.301.3300

Nicholas Sanders (SBN 307,402)
   nsanders@campaignlawyers.com
James R. Sutton (SBN 135,930)
   jsutton@campaignlawyers.com
THE SUTTON LAW FIRM
150 Post St. Ste. 405
San Francisco, CA 94108
Phone: 415.732.7700

Attorneys for Plaintiffs San Franciscans Supporting Prop B, Edwin M. Lee Asian Pacific Democratic Club PAC Sponsored by Neighbors for a Better San Francisco Advocacy, and Todd David

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCANS SUPPORTING PROP B, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>DAVID CHIU, in his official capacity as City Attorney of San Francisco, et al.<br><br>           Defendants. | Case No: 3:22-cv-02785 CRB<br><br>**STIPULATION AND ORDER**<br><br><br>The Hon. Charles R. Breyer |

    Pursuant to Local Rule 7-12, the parties, by and through their respective attorneys, stipulate and agree as follows:

    WHEREAS, on June 1, 2022, the Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction;

WHEREAS, on June 3, 2022, Plaintiffs noticed an interlocutory appeal from that order;

WHEREAS, Defendants would respond to the Complaint by filing a motion to dismiss for failure to state a claim;

WHEREAS, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982);

WHEREAS, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); and

WHEREAS, a stay of the proceedings in this Court pending appeal would cause no injury; the parties would be prejudiced by needlessly proceeding in both courts simultaneously; and the orderly course of justice supports the issuance of a stay, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005),

THEREFORE, the parties hereby stipulate and agree that all further proceedings and deadlines in this case be stayed pending the issuance of the Ninth Circuit's mandate in Plaintiffs' interlocutory appeal, and that Defendants shall have until 30 days from the mandate's filing in this Court to respond to Plaintiffs' complaint.

| | | |
|---|---|---|
| Dated: June 7, 2022 | | <u>Alan Gura</u><br>Alan Gura<br>Institute for Free Speech<br>Counsel for Plaintiffs |
| Dated: June 7, 2022 | | <u>Tara M. Steeley</u><br>Tara M. Steeley<br>Deputy City Attorney<br>Counsel for Defendants |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June ___, 2022         _____
                              The Hon. Charles R. Breyer
                              United States District Judge